UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF/RESPONDENT

v.                                              No. 2:17-CR-20024-003

JOSE ALONSO GARCIA                                                              DEFENDANT/MOVANT

## OPINION AND ORDER

Before the Court is Defendant's motion (Doc. 175) to reconsider the Court's opinion and order (Doc. 174) adopting the Magistrate Judge's report and recommendation (Doc. 173) and denying Defendant's motion (Doc. 160) to vacate his sentence under 28 U.S.C. § 2255. Defendant also filed a supplement to his motion (Doc. 177). Defendant filed a notice of appeal (Doc. 176) on the same day he filed the instant motion. The motion will be denied.

On March 23, 2022, Chief United States Magistrate Judge Mark E. Ford submitted a report and recommendation which recommended the Court deny Defendant's motion (Doc. 160) to vacate his sentence. No objections were filed, and on April 18, 2022, the Court adopted the Magistrate Judge's report and recommendations in full (Doc. 174). On June 3, 2022, Defendant filed the instant motion claiming that because he was in transit within the Bureau of Prisons he did not receive the report and recommendations until May 24, 2022, and therefore was not afforded the opportunity to file objections.

Motions to reconsider are not mentioned in the Federal Rules of Civil Procedure, so "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment, order, or proceeding)."[1]

---

[1] Though all filings in this case have been made on Defendant's criminal docket, because a motion to vacate under 28 U.S.C. § 2255 is a civil rather than criminal proceeding, the Federal Rules of Civil Procedure apply to this motion. *See Baker v. United States*, 334 F.2d 444, 447

1

*Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988).  When the motion is made in response to a final order, as is the case here, it is construed as having been made under Rule 59(e). *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000).  There are "four basic grounds" upon which Courts typically will grant Rule 59(e) motions:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based.  Of course, the corollary principle applies and the movant's failure to show any manifest error may result in the motion's denial.  Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence.  Third, the motion will be granted if necessary to prevent manifest injustice.  Serious misconduct of counsel may justify relief under this theory.  Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed.).

Defendant's motion presents none of these grounds, and it will be denied.  Defendant does not proffer what objections he would make to the report and recommendations, and he presents no argument as to why the report and recommendations were legally or factually flawed.  Defendant also has not established that reconsideration is required to prevent manifest injustice.  Prior to the Magistrate Judge's report and recommendations, Defendant was afforded the opportunity to file a supplement to the motion to vacate and a reply to the Government's response.  As the Court stated in its order adopting the report and recommendations, the Court conducted a careful review of the case and found it to be proper and containing no clear error.  Absent any argument from Defendant, the Court finds that no manifest injustice exists.

To the extent Defendant's motion is a Rule 60(b) motion, it will also be denied.  Rule 60(b) provides a list of circumstances under which a party may be relieved from a final judgment, order, or proceeding, including mistake, inadvertence, surprise, or excusable neglect; newly discovered

---

(8th Cir. 1964) (first citing *Taylor v. United States*, 229 F.2d 826, 832 (8th Cir. 1956); and then citing *Skinner v. United States*, 326 F.2d 594 (8th Cir. 1964)).

evidence; fraud, misrepresentation, or misconduct by an opposing party; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Eighth Circuit has recognized that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). It is important to note, however, that a motion for reconsideration "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Defendant's motion does not present argument that would allow the Court to find any of the Rule 60(b) circumstances present, therefore, the motion will be denied.

Because Defendant's primary request is "that the Court grant him reconsideration to file his objection on time," (Doc. 175, p. 2), his motion is perhaps more appropriately styled as a motion for extension of time to file objections. However, Defendant's notice of appeal divests the Court of jurisdiction to grant any motion other than a Rule 59(e) or a Rule 60(b) motion. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "While an appeal is pending the district court may not reexamine or supplement the order being appealed." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) (citations omitted). However, a district court retains jurisdiction to dispose of motions filed under Rule 59 or 60, and the notice of appeal does not become effective until the under the order disposing of such motions is entered. *See* Fed. R. App. P. 4(a)(4).

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 175) for reconsideration is DENIED.

IT IS SO ORDERED this 6th day of June, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE